The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONRAD O. GARDNER, Individually<br><br>  Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION and<br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>  Defendants. | No. C 08-0632 RAJ<br><br>**TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES**<br><br>**NOTE ON MOTION CALENDAR: JULY 10, 2009** |

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

1

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

## I.    INTRODUCTION

Mr. Gardner and his counsel have persistently disregarded this Court's deadlines and engaged in a clear pattern of neglect of this case. By his own admission, Mr. Gardner has "little time to devote to this case" because he is allegedly working on more important things. (Declaration of E. Ferrill, ¶ 2, Ex. 1 at 7-8, filed herewith.) That lack of effort is evident. Mr. Gardner has missed no fewer than *fifteen* deadlines in this case and has routinely ignored requests of Toyota's counsel and even the Court. And, despite the Court's invitation last month for Toyota to seek sanctions against Mr. Gardner for failure to appear at a status conference, Mr. Gardner has shown no signs of changing his ways. Indeed, his lack of participation in this case has only gotten worse. Accordingly, Toyota respectfully requests that the Court dismiss this case pursuant to Fed. R. Civ. P. 41(b) as a sanction for Mr. Gardner's failure to prosecute the case. If the Court declines to dismiss the case, Toyota requests, as an alternative sanction, an award of all costs and fees expended by Toyota as a direct result of Mr. Gardner's failure to meet deadlines and follow this Court's procedural rules.

## II.    FACTS

Mr. Gardner first contacted Toyota regarding U.S. Patent No. 7,290,627 ("the '627 patent") in November 2007, at which time he demanded money from Toyota. Because Toyota recognized that it did not infringe any claim of the '627 patent, it refused Mr. Gardner's demand for money. In response, on April 23, 2008, Mr. Gardner filed the complaint in this case, accusing Toyota of infringing the '627 patent. In an interview with the SEATTLE POST-INTELLIGENCER, he explained that his motive in bringing this suit was to "teach [Toyota] a lesson." (Decl. of E. Ferrill, ¶ 2, Ex. 2.)

Since bringing this suit, however, Mr. Gardner has barely participated in the litigation process. For instance, he has missed no fewer than *fifteen* deadlines, including discovery deadlines, simultaneous exchanges of claim-construction pleadings, and the deadline for responding to Toyota's Amended Counterclaims, which technically put him at risk of default for more than thirty

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

1

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

days. The only logical conclusion that can be drawn from this dilatory course of conduct is that Mr. Gardner and his counsel are not serious about litigating the merits of this case. Rather, this litigation appears to be a "harassment" lawsuit, designed to cause Toyota to incur hefty legal fees (i.e., "teach [Toyota] a lesson") while Mr. Gardner expends very little because he barely participates in the case.

### A. Mr. Gardner Has Missed Numerous Deadlines, Demonstrating a Clear Lack of Participation in This Case

In this case, Mr. Gardner has been obligated to meet a number of deadlines, including those imposed by the Court's scheduling order, those agreed upon by the parties, and those required by the Federal Rules of Civil Procedure. As shown in Table 1 below, Mr. Gardner has missed at least fifteen of these deadlines, including several that required the parties to simultaneously exchange briefs or pleadings.

| Deadline | Due Date | Date Mr. Gardner Filed/Served |
|---|---|---|
| Response to Toyota's First Set of Document Requests | December 24, 2008 | January 12, 2009 |
| Response to Toyota's First Set of Interrogatories | December 24, 2008 | January 12, 2009 |
| Response to Toyota's Second Set of Interrogatories | January 8, 2009 | January 12, 2009 |
| Deadline for simultaneous exchange of Proposed Terms and Claim Elements for Construction | January 12, 2009 | January 13, 2009 (*after* Mr. Gardner had an opportunity to review Toyota's proposed terms) |
| Promised date for supplemental Response to Defendants' Interrogatory No. 16 | January 21, 2009 | February 18, 2009 |
| Deadline for simultaneous exchange of Disclosure of Preliminary Claim Construction and Extrinsic Evidence | February 9, 2009 | February 10, 2009 (*after* Mr. Gardner had an opportunity to review Toyota's preliminary claim constructions) |
| Claim Construction Expert Disclosures Deadline | March 26, 2009 | Filed Motion for Extension *on* March 26, 2009 to extend to April 9, 2009 (without meet & confer) Disclosed Expert & Report on April 9, 2009 |
| Deadline to Submit an Expert Witness Protective Order (Stipulated Protective Order Section A.3.a) | on or before March 26, 2009 | April 9, 2009 |
| Rebuttal Expert Disclosure on Claim Construction | April 27, 2009 | April 28, 2009 |

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

2

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

| Reply to Toyota's First Amended Counterclaims | May 4, 2009 | June 9, 2009 |
|---|---|---|
| Deadline to submit letter to Court outlining the issues for the teleconference | May 6, 2009, 4:00 pm | May 6, 2009, 9:01 pm |
| Telephonic Status Conference | May 8, 2009 | Missed |
| Court Ordered Deadline for Plaintiff to Supplement Response to Interrogatory No. 16 | May 15, 2009 | May 16, 2009 |
| Deadline to file simultaneous Responsive Claim Construction Briefs | June 4, 2009 | June 8, 2009 (*after* Mr. Gardner had an opportunity to review Toyota's brief) |
| Deadline for Opposing Toyota's Motion for Summary Judgment of Invalidity of Claim 6 for Indefiniteness | June 8, 2009 | June 12, 2009 |

### B.  Mr. Gardner Has Refused to Provide Meaningful Discovery Responses

On December 24, 2008, Mr. Gardner was expected to serve his responses to Toyota's First Set of Document Requests and Interrogatories. Mr. Gardner did not provide his responses to Toyota, however, until three weeks later, on January 12, 2009. Moreover, even when Mr. Gardner finally produced his discovery responses, they demonstrated a clear lack of effort. Toyota was forced to follow up with Mr. Gardner's counsel several times, requesting that numerous deficiencies be corrected. (Dkt. No. 41, ¶ 2, Exs. B, D, E, J, K, M, N, P; Decl. of E. Ferrill, ¶ 2, Ex. 3.). While Mr. Gardner eventually corrected some of these deficiencies, he steadfastly refused to respond to Interrogatory No. 16, forcing Toyota to file a motion to compel (Dkt. No. 39), which the Court granted (Dkt. No. 65).

Moreover, Mr. Gardner has failed to make a reasonable inquiry into his discovery responses. For instance, on November 24, 2008, Toyota served Interrogatory No. 8, seeking an explanation as to "why Mr. Gardner decided to draft claim 6 of the '627 patent by combining application claim 52 with application claim 51 . . ." Mr. Gardner responded (albeit three weeks late) as follows:

> ***Mr. Gardner has no present recollection of the reasons for drafting claim 6 of the '627 patent as submitted to the USPTO.*** Mr. Gardner has no present recollection whether the Examiner had made a mistake in identifying claim 52 as depending from claim 51 rather than claim 50 or, if so, whether Mr. Gardner was aware of it.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

3

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

(Decl. of E. Ferrill, ¶ 2, Ex. 4, at 9 (emphasis added).)  Yet, in his June 11, 2009 Declaration in support of his Opposition to Toyota's Motion for Partial Summary Judgment (Dkt. No. 87), Mr. Gardner suddenly purports to have *perfect* recollection as to how and why he presented claim 6 to the USPTO, devoting five full paragraphs to that topic, after claiming to have "no present recollection" of it in response to Toyota's Interrogatory No. 8.  (*Id.* at ¶¶ 14-18.)

### C.  Mr. Gardner's Neglect of This Case Has Unfairly Prejudiced Toyota and Needlessly Burdened the Court

As a result of Mr. Gardner's lack of interest and diligence in this case, Toyota's counsel has been required to dedicate a significant amount of additional resources to this case.  For example, when Mr. Gardner failed to comply with his discovery obligations, Toyota was forced to draft and submit a motion to compel.  (Dkt. No. 39.)  After this Court granted Toyota's motion and ordered Mr. Gardner to comply with his discovery obligations by providing the requested information (Dkt. No. 65), Mr. Gardner still failed to provide a timely response.  (*See* Table 1, above.)  Moreover, his eventual interrogatory response was unsatisfactory, failing to adequately distinguish his claimed invention from the teachings of the specified prior art as required by the interrogatory.  (Decl. of E. Ferrill, ¶ 2, Ex. 5.)

In addition, on the fifteen occasions noted above, Toyota has been left to wonder where Mr. Gardner's papers were, often delaying Toyota's ability to prepare the necessary responses.  Toyota's counsel was repeatedly forced to explain to its client, Toyota, why Mr. Gardner's papers had not been received, and when they could expect to receive them.  Toyota's counsel was likewise forced to prepare correspondence and place numerous phone calls to Mr. Gardner's counsel, reminding him of the deadlines, requesting status updates, and generally prodding him to provide the required materials.  (*See, e.g.,* Dkt. No. 41, ¶ 2, Exs. B, D, E, J, K, M, N, P; Decl. of E. Ferrill, ¶ 2, Ex. 3.)

As the Court is aware, Mr. Gardner also failed to appear at a status hearing, which was held on a date *requested by Mr. Gardner*.  Specifically, on May 8, 2009, counsel for Toyota and the Court waited on hold for Mr. Gardner to appear.  The Court's clerk even tried repeatedly contacting Mr.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

4

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C.  20001-4413
202.408.4000/202.408.4400 (FAX)

Gardner's counsel to no avail. He simply did not show up. Unable to await Mr. Gardner's counsel any longer, the Court cancelled the conference and, in a subsequent Order, invited Toyota to seek sanctions against Mr. Gardner for wasting everyone's time. (Dkt. No. 68 at 1, n.1.) Mr. Gardner's counsel, Mr. Hathaway, promptly sent an apology letter to Toyota and the Court, claiming that he had inadvertently docketed the hearing for the wrong day. Toyota accepted Mr. Hathaway's apology and respectfully declined the Court's invitation to seek sanctions. Mr. Gardner, however, has since taken advantage of Toyota's good will.

On June 4, 2009, Mr. Gardner was required to file his responsive claim construction brief. (Dkt. No. 35 at 2.) On that same date, Toyota sent correspondence to Mr. Gardner's counsel advising him that Mr. Gardner still had not provided an answer to Toyota's First Amended Counterclaims, which was due more than a month before. (Dkt. No. 84, ¶ 2, Ex. 1.) In response to that correspondence, Mr. Gardner stated:

> Thank you for alerting me to the oversight regarding Plaintiff's answer to Toyota's recently added counterclaim. The pleadings shall be filed promptly *after filing and serving Plaintiff's responding claim construction brief later today*.

(*Id.* ¶ 2, Ex. 2 (emphasis added).) Thus, Mr. Gardner's counsel was well aware that Mr. Gardner's responsive claim construction brief was due on June 4, and he specifically represented that he would be filing it later that day. Yet June 4 came and went, and Toyota did not receive Mr. Gardner's brief.

As explained in greater detail in Toyota's Opposition to Plaintiff's Motion to Extend Deadline to File Responsive Claim Construction Brief (Dkt. No. 83), Mr. Gardner simply ignored this Court's filing deadline, failed to request an extension of time, and failed to even tell Toyota that he would be filing his brief late. Because this filing deadline required a simultaneous exchange, and because Mr. Gardner's counsel specifically represented that he would comply with the filing

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

5

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

deadline, Toyota filed its brief on time, believing it would soon be receiving Mr. Gardner's brief.[1] Yet, in violation of this Court's Scheduling Order, and contrary to his counsel's specific representation, Mr. Gardner did not file his brief until four days later, providing several unsatisfactory excuses for his delay. (*Id.* at 3-4, 5-7.)

In the same manner (and only after prodding by Toyota), Mr. Gardner untimely filed his answer to Toyota's First Amended Counterclaims, after being at risk of default for more than a month. (Dkt. No. 80.) Even then, he failed to seek leave of the Court or even to notify the Court that his answer was untimely. (*Id.*)

Similarly, Mr. Gardner was required to file his opposition to Toyota's Motion for Partial Summary Judgment on June 8. Yet he did not do so. Instead, he filed an untimely opposition brief on the evening of Friday, June 12—four days after the due date. (Dkt. No. 87.) Once again, rather than request an extension of time in advance of the due date, Mr. Gardner opted to grant *himself* a four-day extension and then seek approval of that extension after the fact. (Dkt. No. 88.) His proffered excuses for missing the June 8 deadline, however, fall far short of the "excusable neglect" standard required by Fed. R. Civ. P. 6(b)(1)(B). Specifically, Mr. Gardner asserted that (1) his "counsel was required to attend court hearings on Friday, June 5, 2009"; (2) his "[c]ounsel devoted virtually all of his time and energy from Tuesday, June 2, 2009 and to Monday June 8, 2009, to preparing Plaintiff's responding claim construction brief" [which also was filed four days late]; and (3) "[t]hese motions raise complex issues [and] are based on nearly 800 pages of documentary support." (*Id.* at 3.) None of these excuses satisfies the stringent burden for showing excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). *See Laskay v. New Line Cinema Corp.*, 2000 WL 1234289,

---

[1] Because Mr. Gardner has consistently missed simultaneous exchanges of pleadings and briefs (usually providing his materials the next day, after having an unfair opportunity to review Toyota's papers), Toyota has become very leery about such simultaneous exchanges. Nevertheless, when Mr. Gardner's counsel specifically represented on June 4 that he would be filing Mr. Gardner's Responsive Claim Construction brief "later today," Toyota relied on that representation, unfortunately to its detriment.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

6

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

*1 (9th Cir. Aug. 30, 2000) ("The demands of a busy law practice cannot support a finding of excusable neglect.") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 391-92 (1993); *Selph v. Council of Los Angeles,* 593 F.2d 881, 883-84 (9th Cir. 1979).)

Mr. Gardner's lack of diligence in this case is evident from his own motion, in which he states:

> As of result of these time demands, Plaintiff's counsel was not able to begin working on Plaintiff's summary judgment response until late on June 8, 2009, ***the filing date of the response***. Late on June 8, 2009, Plaintiff's counsel notified Toyota's attorneys by email that he would not be able to complete the summary judgment response on June 8, 2009 and would have to file it the next day. Counsel was unable to complete the summary judgment response on June 9, however. When counsel sent the June 8 email, Counsel had ***just begun examining the motion*** and did not appreciate how much time would be required to examine Defendants' references to the USTPO [sic] file records and additional USTPO [sic] documents to gain some comprehension of the real issues being addressed in those proceedings.

(Dkt. No. 88 at 3, emphasis added.) Thus, by Mr. Gardner's own admission, his counsel did not even start to examine Toyota's summary judgment motion until late on June 8—*the day his opposition brief was due*. That is *not* the behavior of a party who is taking this litigation seriously.

### D. Mr. Gardner Has Been Warned Repeatedly That His Failure to Meet Court-Ordered Deadlines May Result in Sanctions

Mr. Gardner has been warned at least three times—including indirectly by the Court—that his continued failure to abide by the Court's deadlines and procedural rules may result in sanctions. The first such warning occurred after Mr. Gardner failed to meet the deadline for simultaneously exchanging claim construction pleadings *for the second straight time*. In an attempt to put an end to that unfair and highly prejudicial tactic, Toyota's counsel sent a letter to Mr. Gardner's counsel that included the following warning:

> [W]e note that this is not an isolated incident. The last "simultaneous" exchange that was scheduled for January 12 also resulted in exactly the same scenario. Namely, Toyota served its proposed claim terms on January 12, as required by the Court's standing order, yet received nothing in exchange. Instead, Mr. Gardner served his proposed terms the next day, *after* having an opportunity to consider Toyota's positions. ***Toyota will not tolerate this sort of gamesmanship any***

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

7

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

> *longer. If it happens again, we will request appropriate sanctions from the Court.*

(Dkt. No. 41, ¶ 2, Ex. P.)  Mr. Gardner ignored this warning completely.

The next warning came when Toyota filed its Motion to Compel Discovery on Interrogatory No. 16, at which time Toyota specifically asked for the following relief:

> Toyota respectfully requests that the Court remind Mr. Gardner that he must provide timely responses in the future and that ***any further incidents, absent a good excuse, will result in sanctions***, including, but not limited to, Toyota's associated attorneys' fees and costs.

(Dkt. No. 37 at 7, emphasis added.)  Mr. Gardner ignored this warning, too.

The third and most significant warning came when this Court specifically invited Toyota to file a motion for fees after Mr. Gardner failed to appear for a scheduled status conference.  (Dkt. No. 68 at 1, n.1.)  Despite that clear signal from the Court that Mr. Gardner had crossed the line, he has continued to violate this Court's deadlines and procedural rules, seemingly with impunity.

## III.  ARGUMENT

### A.  Dismissal of This Case Under Rule 41(b) Is Justified

Rule 41(b) of the Federal Rules of Civil Procedure states, in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for the dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

This Court has dismissed actions for failure to prosecute or to comply with the Court's rules under circumstances similar to those presented here.  For example, in *Azpitarte v. King County*, No. C07-1998-JCC, 2009 WL 564732 (W.D. Wash. Mar. 3, 2009), this Court found that the Plaintiff had failed to provide timely discovery responses and had "failed to comply with nearly every deadline required by the local rules and the Court's orders."  *Id.* at *2.  Specifically, the Court in *Azpitarte* cited five instances where the Plaintiff had missed deadlines by a day or more (here, Mr. Gardner

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

8

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C.  20001-4413
202.408.4000/202.408.4400 (FAX)

has missed *fifteen* deadlines). *Id.* In light of the Plaintiff's and his attorney's "pattern of unprofessionalism and unreasonable delay throughout [the] entire litigation," the Court concluded that "no sanction short of dismissal [was] feasible to address the failure to prosecute." *Id.* at *7. *Accord Sanai v. Sanai*, No. C02-2165Z, 2005 WL 1593488 (W.D. Wash. July 1, 2005) (dismissing action because "Plaintiffs [had] persistently disobeyed orders of this Court and disregarded their obligations of the Federal Rules, illustrated by [various] examples of misconduct"); *Fisher v. Priority Mortgage, Inc.*, No. C03-3585RSM, 2006 WL 2597934 (W.D. Wash. Sept. 8, 2006) (dismissing action because the Plaintiff failed to participate in discovery, missed various deadlines, failed to communicate with counsel, and "provided no assurance to the Court and to defendant that this behavior [would] not continue.").

In cases addressing sanctions resulting from a party's failure to prosecute, courts of this Circuit typically consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; [and] (5) the availability of less drastic sanctions.

*Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987); *Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) (hereinafter "the *Malone/Adriana* factors"). As explained below, each of these factors weighs in favor of dismissing Mr. Gardner's action as an appropriate sanction under the circumstances.

### 1.    Public's Interest in Expeditious Resolution of Litigation

The first of the *Malone/Adriana* factors relates to the public's interest in resolving cases expeditiously and efficiently. Courts have frequently held that "[t]he public interest in expeditious resolution of litigation *always favors dismissal*." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (emphasis added). As in cases like *Azpitarte* and *Sanai*, Mr. Gardner's repeated failure to meet deadlines, provide timely discovery responses, and follow the Court's rules have impeded the expeditious resolution of this case. Thus, the first factor strongly supports dismissal of this case.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

9

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

### 2.  The Court's Need to Manage Its Docket

Mr. Gardner's disregard of the Court's deadlines and procedural rules in this case has unquestionably impacted the Court's docket. For example, on May 6, 2009, the parties were required to submit a letter to the Court by 4:00 p.m. outlining the issues to be discussed at a May 8, 2009 telephone conference. (Decl. of E. Ferrill, ¶ 2, Ex. 6 at 2.) Mr. Gardner, however, failed to submit the required letter. As a result, in order to proceed with the conference, the Court was forced to expend judicial resources contacting Mr. Gardner and urging him to file his letter, which he eventually did, several hours *after* the Court had closed for the day. (*Id.* at 1-2.) Likewise, despite the fact that Mr. Gardner's counsel had just spoken to the Court's clerk about the scheduled telephone conference two days before, he failed to appear at the May 8, 2009 status conference. (Dkt. No. 67.) Mr. Gardner's disregard for this conference resulted in a significant waste of time for both the Court and Toyota's counsel, who remained on hold while the Court's clerk tried to track down Mr. Gardner to no avail.

In the four weeks since missing the May 8 status conference, Mr. Gardner has continued to cause disruptions to this Court's docket. On June 4, 2009, he failed to submit his Responsive Claim Construction brief, as required by this Court's scheduling order. Instead of alerting the Court and Toyota's counsel *in advance* that he needed additional time to complete his briefing, Mr. Gardner unilaterally granted himself a four-day extension, seeking leave to do so only *after* the fact, based on excuses that fall far short of the "excusable neglect" standard required by the Federal Rules. As a result, this Court must now expend even more of its precious resources dealing with Mr. Gardner's deliberate decision to disobey the Court's deadlines and procedural rules.

Likewise, Mr. Gardner belatedly filed his opposition to Toyota's summary judgment motion on June 12, 2009—four days after it was due. Again, he chose not to request an extension of time in advance from the Court, opting instead to grant *himself* a unilateral extension of time and then ask the Court to approve it retroactively. This was justified, according to Mr. Gardner, because his

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

10

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

counsel allegedly "did not realize how long it would take to address the issues raised in Defendants' summary judgment motion." (Dkt. No. 88 at 4.) Of course, Mr. Gardner's counsel did not even consider Toyota's summary judgment motion until "[l]ate on June 8, 2009"—*the day his opposition brief was due.* (*id.* at 3.) Because of this blatant lack of diligence, this Court must now expend addition resources dealing with Mr. Gardner's *post-facto* motion for an extension of time, which Toyota plans to oppose.

Mr. Gardner's failure to engage in meaningful discovery has also resulted in the need for Court intervention. Specifically, because of his failure to respond to Interrogatory No. 16, which sought his bases for distinguishing his invention from selected prior art references, Toyota was forced to file a motion to compel (Dkt. No. 39), which the Court granted after expending its own judicial resources considering the issue (Dkt. No. 65).

Thus, this Court has been required to needlessly devote time and judicial resources to deal with Mr. Gardner's persistent failure to follow the Court's deadlines and procedural rules. As a result, the second *Malone/Adriana* factor strongly supports dismissal of this action.

### 3. Risk of Prejudice to Defendant

Mr. Gardner's failure to properly respond to discovery requests and file pleadings in a timely manner has resulted in significant prejudice to Toyota in the form of increased costs for this litigation, as well as the unfair advantage to Mr. Gardner in being able to "preview" Toyota's positions that were set forth in pleadings that were supposed to be simultaneously exchanged. *Sanai*, 2005 WL 1593488 at *8 (finding that "the third factor weighs strongly in favor of dismissal" because the "Plaintiffs conduct has interfered with the orderly resolution of the case, has been prejudicial to Defendant's participation in discovery, and has dramatically increased the cost of this litigation.") For example, Toyota's counsel has been forced to expend significant time and effort repeatedly contacting Mr. Gardner's counsel, opposing Mr. Gardner's unjustified and untimely requests for extensions of time, and moving to compel proper discovery responses. This time and

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

11

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

effort should have been spent dealing with the merits of this case, not focusing on Mr. Gardner's inability to fulfill his obligations and prodding him along.

Moreover, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of plaintiff's excuse for the default." *Malone*, 833 F.2d at 131. Mr. Gardner's counsel has never offered a legitimate excuse for his numerous violations of the Court's deadlines and procedural rules. Instead, he has offered only the following unsatisfactory explanations: (1) he inadvertently entered dates wrong on his calendar (Decl. of E. Ferrill, ¶ 2, Ex. 8.); (2) severe weather (Dkt. No. 41, ¶ 2, Ex. F); (3) internet outages (Dkt. No. 44 at 2); (4) he was busy with other cases (Dkt. No. 88 at 3, Dkt. No. 53 at 2); (5) his paralegal was sick (Dkt. No. 79 at 2); (6) Toyota's briefs were "complex" (Dkt. No. 79 at 2, Dkt. No. 88 at 3); and (7) he is a sole practitioner (Dkt. No. 44 at 1, Dkt. No. 79 at 2). None of these excuses, even if true, is acceptable. *See McLaughlin,* 662 F.2d at 1387.

In similar circumstances, the Ninth Circuit has affirmed a district court's finding that the "prejudice" factor was satisfied:

> Although the pendency of a lawsuit and limited delays alone are not sufficiently prejudicial to warrant dismissal, we will find prejudice to defendants where plaintiffs' "paltry excuse" renders a delay "unreasonable." *Yourish,* 191 F.3d at 992 (plaintiffs' poor excuse for default "indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal"); *Pagtalunan,* 291 F.3d at 643. Plaintiffs' excuse for the delay—counsel losing track of and forgetting about defendant's motion—created an "unreasonable" delay of more than 100 days, resulting in prejudice to defendants. *Pagtalunan,* 291 F.3d at 643. This factor weighs in favor of dismissal.

*Wystrach v. Ciachurski*, 2008 WL 467692, *2 (9th Cir. Feb. 20, 2008) (citing *Yourish v. California Amplifier,* 191 F.3d 983, 992 (9th Cir. 1999) and *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002)).

Here, as in *Wystrach*, *Yourish*, *Pagtalunan*, and *Sanai*, Mr. Gardner's "paltry" excuses for his repeated delays and violations of this Court's rules render them unreasonable.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

12

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

Similarly, Mr. Gardner's failure to make a reasonable inquiry into his discovery responses has unfairly prejudiced Toyota. As one clear example, Mr. Gardner responded to Toyota's Interrogatory number 8 that he had "no present recollection of the reasons for drafting claim 6 of the '627 patent as submitted to the USPTO," yet his recent declaration suddenly sets forth a *detailed explanation* of his reasons for drafting claim 6. (Dkt. No. 87.) Obviously, his earlier Interrogatory response was either false or (at best) insufficiently considered.

Federal Rule 26(g)(1) requires that all responses to interrogatories be certified by an attorney or party that the response is, based on a *reasonable inquiry*, complete and correct. Fed. R. Civ. P. 26(g)(1). A district court *must* sanction a party found to have violated Rule 26(g). *See* Fed. R. Civ. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."). Here, Mr. Gardner clearly failed to perform a "reasonable inquiry" prior to serving his response to Interrogatory 8 because he conveyed to Toyota *none* of the information he later presented in paragraphs 14-18 of his declaration, served on June 11, 2009. This was clearly prejudicial to Toyota.

Accordingly, the third *Malone/Adriana* factor strongly supports dismissal of this case.

### 4. Public Policy Favors the Disposition of the Case on the Merits

While public policy may favor disposition of a case on its merits, "the Court may also consider the strength or weakness of the plaintiff's case when determining whether dismissal is appropriate." *Anderson v. Air West, Inc.*, 542 F.2d 522, 526 (9th Cir. 1976). Here, the merits of Mr. Gardner's case are exceedingly weak. Under either party's proposed claim constructions, Toyota will show that it does not infringe the '627 patent and that the asserted claims are invalid under 35 U.S.C. §§ 102, 103, and 112. Under the proper construction of the claims, there will be no credible evidence that the accused Toyota vehicles satisfy all the required limitations. Indeed, the weakness of Mr. Gardner's infringement position is evident from the fact that, in order to even make this

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

13

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

argument, he must ignore the express holding of the Board of Patent Appeals and Interferences that "single running state" is a requirement of the claims, which was the *sole basis* of the Board's decision to allow the '627 claims over Ellers. (Dkt. No. 69 at 20-21, Dkt. No. 76. at 10.) Likewise, the weakness of Mr. Gardner's validity position is clear from his repeated effort to import a "fast charge-discharge battery" limitation into his claims, whereas those claims clearly recite only a generic "battery." (Dkt. No. 69 at 9-11, Dkt. No. 76 at 2-4.)

Thus, public policy favoring disposition on the merits does not diminish the appropriateness of dismissal of this case.

### 5. Availability of Less Drastic Sanctions

In determining whether to dismiss an action, a court must consider whether less drastic sanctions would achieve the desired result. *See, e.g., Azpitarte*, 2009 WL 564732 at *7. Here, it does not appear that any sanction other than dismissal of the case will achieve the desired result. For instance, even when specifically compelled by the Court to provide a supplemental response to Toyota's discovery requests no later than May 15, 2009, Mr. Gardner provided his supplemental responses on May *16*—one day late. (Decl. of E. Ferrill, ¶ 2, Ex. 5.) And even then, his supplemental response was grossly inadequate. Likewise, even after Toyota repeatedly warned Mr. Gardner that it may seek sanctions, and even after the Court specifically *invited* Toyota to seek monetary sanctions for Mr. Gardner's failure to appear at the May 8 status conference, Mr. Gardner continued to demonstrate a complete disregard for this Court's deadlines and procedural rules. *Cf. Roybal v. Trans Union*, 2008 WL 5329986, *3 (E.D. Cal. Dec. 19, 2008) ("Plaintiffs were specifically threatened with terminating sanctions in the Court's September 9, 2008, minute order. Yet, despite those warnings, Plaintiffs continued to refuse to diligently prosecute this action . . . . Therefore, this Court's dismissal of Plaintiffs' case was a proper sanction for Plaintiffs' failure to prosecute.").

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

14

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

### 6. Summary of the *Malone/Adriana* Factors

As demonstrated above, each of the *Malone/Adriana* factors counsels in favor of dismissing this action as an appropriate sanction for Mr. Gardner's failure to prosecute. Accordingly, Toyota respectfully requests that this Court dismiss this case with prejudice, pursuant to Fed. R. Civ. P. 41(b).

### B. If the Court Declines to Dismiss This Case, Mr. Gardner Should Be Required to Pay All Costs and Fees Incurred by Toyota as a Direct Result of Mr. Gardner's Repeated Violation of the Court's Deadlines and Rules

Pursuant to Fed. R. Civ. P. 16(f), "[t]he Court may order monetary sanctions against an attorney who fails to comply with a scheduling order or pretrial order." *Vazquez v. Kitsap County*, No. C07-5576BHS, 2009 WL 973335, *11 (W.D. Wash. Apr. 10, 2009). In *Vazquez*, this Court awarded attorneys fees in light of the plaintiff's counsel's "pattern of missing deadlines, causing delay, and prejudicing [the defendant] by forcing it to incur legal costs." *Id.* at *12. Similarly, this Court granted a motion for sanctions and imposed attorney fees in *Jones v. Rabanco, Ltd.*, No. C03-3195P, 2005 WL 2487973 (W.D. Wash. Oct. 7, 2005), where, "[o]ver the course of [] three months, Plaintiff's attorney consistently missed deadlines, got extensions from Defendants, and made promises . . . that he did not keep." *Id.* at *1. The Court in *Jones* observed that "[t]he delays caused by Plaintiff's attorney cost defendant time and money," and, as a result, it granted Defendant's motion for attorneys fees.

Here, Toyota has been forced to spend significant resources dealing with Mr. Gardner's "pattern of missing deadlines" and numerous broken promises. As described above, Toyota's counsel has been forced to spend time drafting correspondence to Mr. Gardner's counsel inquiring about the status of his late filings, repeatedly calling Mr. Gardner's counsel, and drafting pleadings responding to Mr. Gardner's improper and untimely pleadings and briefs.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

15

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

If the Court grants Toyota's request for costs and attorney fees, Toyota will submit an accounting of all costs and fees incurred as a direct result of Mr. Gardner's disregard for the Court's deadlines and procedural rules in this case.

**IV.    Conclusion**

Mr. Gardner has persistently failed to comply with deadlines in this case and has demonstrated general indifference toward the proceedings before this Court. In light of Mr. Gardner's pattern of misconduct, and given that he has shown no indication that such behavior will change short of dismissal, Toyota respectfully requests that the Court dismiss this case pursuant to Fed. R. Civ. P. 41(b).

If the Court elects not to dismiss this case, however, Toyota respectfully requests that the Court: (1) put Mr. Gardner and his counsel on notice that any further failures to diligently prosecute this case and abide by this Court's deadlines and procedural rules will result in terminating sanctions; and (2) require Mr. Gardner to pay all costs and attorneys fees incurred by Toyota as a direct result of Mr. Gardner's improper conduct.

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

(C 08-0632 RAJ)

16

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)

1  Dated this 17th day of June, 2009     Respectfully submitted,

2

3                                        YARMUTH WILSDON CALFO PLLC

4                                        By: s/ John H. Jamnback
                                             John H. Jamnback, WSBA No. 29872
5                                            818 Stewart St., Suite 1400
                                             Seattle, WA  98101
6                                            Telephone:  (206) 516-3800
                                             Fax:  (206) 516-3888
7                                            Email:  jjamnback@yarmuth.com

8
                                         FINNEGAN, HENDERSON, FARABOW,
9                                        GARRETT & DUNNER, LLP

10                                           Thomas W. Winland (*pro hac vice*)
                                             James R. Barney (*pro hac vice*)
11                                           Michael V. O'Shaughnessy (*pro hac vice*)
                                             Elizabeth D. Ferrill (*pro hac vice*)
12                                           Eric C. Jeschke (*pro hac vice*)
                                             901 New York Avenue, NW
13                                           Washington, DC  20001-4413
                                             Telephone:  (202) 408-4000
14                                           Facsimile:  (202) 408-4400
                                             Email: tom.winland@finnegan.com
15                                                  james.barney@finnegan.com
                                                    michael.o'shaughnessy@finnegan.com
16                                                  elizabeth.ferrill@finnegan.com
                                                    eric.jeschke@finnegan.com
17

18
                                         *Attorneys for Defendants Toyota Motor
19                                       Corporation and Toyota Motor Sales, U.S.A., Inc.*

20

21

22

23

24

25

26

27  TOYOTA'S MOTION FOR SANCTIONS AGAINST MR.              FINNEGAN, HENDERSON, FARABOW,
    GARDNER FOR HIS REPEATED VIOLATION OF THIS            GARRETT & DUNNER, LLP
28  COURT'S DEADLINES AND RULES              17           901 New York Avenue, NW
                                                          Washington, D.C. 20001-4413
    (C 08-0632 RAJ)                                       202.408.4000/202.408.4400 (FAX)

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the foregoing document including the Declaration of Elizabeth D. Ferrill in Support of Defendants' Motion for Sanctions Against Mr. Gardner for his Repeated Violation of this Court's Deadlines and Rules and associated exhibits to the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Counsel for Plaintiff:

John W. Hathaway   Attorney for Plaintiff
Jay M. Cantor   Attorney for Plaintiff

and I hereby certify that I have also transmitted electronically a true and correct copy of the attached document to:

John W. Hathaway at jhathaway@seanet.com
Jay M. Cantor at jaycantor@aol.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: June 17, 2009 in Seattle, Washington.

By: s/ Colette Pringle
   Colette Pringle
   Legal Assistant to John H. Jamnback
   YARMUTH WILSDON CALFO PLLC
   818 Stewart St., Suite 1400
   Seattle, WA 98101

TOYOTA'S MOTION FOR SANCTIONS AGAINST MR. GARDNER FOR HIS REPEATED VIOLATION OF THIS COURT'S DEADLINES AND RULES

18

532.01 jf171302
(C 08-0632 RAJ)

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
202.408.4000/202.408.4400 (FAX)