**JOHN W. HATHAWAY, PLLC**
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

**HON. RICHARD A. JONES**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**CONRAD O. GARDNER,** Individually, )
)
Plaintiff, )   **NO. C 08-0632 RAJ**
)
v. )
)
**TOYOTA MOTOR CORPORATION,** a )   **PLAINTIFF'S MOTION FOR**
Japanese Corporation, and **TOYOTA** )   **ORDER PERMITTING WITHDRAWAL**
**MOTOR SALES, U.S.A, INC.,** a Delaware )   **AND AMENDMENT OF ADMISSIONS**
Corporation, )   **PURSUANT TO CIVIL RULE 36 (b)**
)
Defendants. )
)

### *I. RELIEF REQUESTED*

On September 11, 2009, defendants served counsel for Plaintiff Conrad Gardner with Toyota's Fourth Set of Interrogatories, Third Set of Requests for Production of Documents and Things, and Third Set of Requests for Admissions, comprised of 31 separate requests. Responses to these discovery requests were due on October 13, 2009. Due primarily to the expert deposition schedule in this case, which required that Plaintiffs' Counsel be out of town between October 10 and 24, attending expert depositions in Boston and taking expert depositions in Washington D. C., Plaintiff's attorney was unable to complete and serve Plaintiffs' discovery responses until November 2, 2009 – twenty days after the due date.

Plaintiff hereby moves pursuant to FRCP 36(b) for permission to withdraw the deemed admissions created by FRCP 36(a) (3) on October 13, 2009 and to amend the pleadings to conform to Plaintiff's Objections and Responses to Defendants' Third Requests for Admissions, served on

MOTION FOR ORDER PERMITTING WITHDRAWAL AND
AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 1

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

November 2, 2009. The Requests for Admissions and Plaintiff's Objections and Responses are attached as exhibit 1 to the Hathaway Declaration in Support of Plaintiff's Rule 36(b) Motion.

## II. EVIDENCE RELIED UPON

Plaintiff relies on the relevant facts stated in the Hathaway Declaration in Support of Plaintiff's Rule 36(b) Motion, and the documents attached to that Declaration.

## III. RELEVANT FACTS

**A.  *Plaintiff's Counsel Was Required to Devote September 2009 Primarily to Responding to Toyota's Discovery Requests, Preparing for the Markman Hearing and Assisting in Preparation of a Rebuttal Expert Report.***

Defendants served their Toyota's Fourth Set of Interrogatories, Third Set of Requests for Production of Documents and Things, and Third Set of Requests for Admissions on September 11, 2009. Hathaway Dec., ¶ 2, Ex. 4. At that time Plaintiff's attorney, John Hathaway, was devoting substantially all of his time to completing responses to Toyota's Toyota's Third Set of Interrogatories, Second Set of Requests for Production of Documents and Things, and Second Set of Requests for Admissions. Hathaway Dec., ¶ 2. Counsel for Mr. Gardner served these discovery responses on Toyota's attorneys on September 15, 2009. ***Id.***

The Court held the Markman Hearing in this case on September 18, 2009. Mr. Hathaway was required to devote substantial time between September 15 and 18 to preparing for and attending that hearing. Hathaway Dec. ¶ 2.

Toyota's initial expert report, produced on August 26, 2009, was 133 pages in length and cited 81 technical exhibits, augmented on September 8, 2009 by a 25 page Supplemental Report, supported by exhibits 82 and 83. Examination of Toyota's reports, and research related to that examination, was very time consuming due to the sheer size of the reports, as well as the technical nature and complexity of these reports and the extensive number of accompanying exhibits. Hathaway Dec., ¶ 3. Plaintiff's attorney was required to devote virtually all of his time following the September 18, 2009 Markman Hearing to examination, investigation and research relating to Toyota's expert reports because the deadline for serving rebuttal expert reports was September

MOTION FOR ORDER PERMITTING WITHDRAWAL AND AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 2

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

1  25, 2009. Counsel for both parties agreed to extend the date for producing rebuttal reports to
2  September 28, 2009, then to September 30, 2009. Hathaway Dec., ¶ 3, Ex's. 6 and 7.

3  **B.   *Toyota Served Rebuttal Reports By Two New Experts, Whom Plaintiff's Attorney had to Depose in October, in Addition to Toyota's Engineering Expert and Patent Procedure Expert.***
4

5  Toyota served reports by two new experts at the end of September 2009 – Dr. Edward
6  Caulfield and Dr. Benjamin Goldberg – in addition to the August 2009 reports of engineering
7  expert John Mokswa and of patent procedure expert Nicholas Godici. Dr. Caulfield's report
8  consisted of 27 pages, accompanied by 26 exhibits. Dr. Goldberg's report was 53 pages in length
9  and relied on 14 exhibits. Plaintiff's attorney was required to devote substantial time in early
10 October 2009 to examining these reports and exhibits to prepare to depose Toyota's experts,
11 which now numbered four.

12 The attorneys first discussed setting dates for expert deposition in late September 2009.
13 Toyota's disclosure of two rebuttal experts on September 30, 2009 meant that Plaintiff's attorney
14 had to schedule, and prepare to take four expert depositions during October 2009. Toyota's
15 attorneys also insisted upon taking two additional one-day depositions of Plaintiff's expert, Luka
16 Serdar, because he had issued two reports, in addition to his claim construction report. Counsel
17 for the parties finally agreed on October 5, 2009 that Plaintiff's expert would be deposed in
18 Boston on October 14 and 15, 2009 and that Toyota's four experts would be deposed in
19 Washington D. C. on October 20 through 23, 2009. Hathaway Dec., Ex. 8. To set aside time to
20 meet with Mr. Serdar before his deposition and to prepare for the depositions of Defendants' four
21 experts, Mr. Hathaway had to fly to Boston on October 11, 2009, then directly Washington D. C.,
22 returning to Seattle on Saturday, October 24, 2009. Altogether, the travel required by the expert
23 depositions had Mr. Hathaway out of his office from Friday, October 10, to Monday, October 26,
24 2009. Hathaway Dec., ¶ 5.

25 **C.   *Counsel for Plaintiff had to Devote the First Ten Days of October 2009 to Preparing for the Expert Depositions and Completing Necessary Tasks in Other Cases That Otherwise Would Have Been Done Later in October.***
26

MOTION FOR ORDER PERMITTING WITHDRAWAL AND
AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 3

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

1    Plaintiff's counsel had not anticipated that Toyota would retain four experts or that expert
2    depositions in this lawsuit would necessitate him being away from his office for 16 days during
3    October. Mr. Hathaway had to devote substantial time in early October 2009 to the examination
4    of the expert reports that had just been served on him, to research relating to those reports, and
5    to consultations with Mr. Gardner and technical expert Luka Serdar concerning the substance
6    of those reports. Hathaway Dec., ¶ 6. He also had to rearrange deadlines and court appearances
7    on in other matters that otherwise would have to transpired during the 16 days that Mr.
8    Hathaway would be out of State. *Id.*

9    Mr. Hathaway also had to complete briefing and other work during the first 10 days of
10   October that otherwise would have been completed later in October. In short, the lengthy
11   deposition trip significantly increased the work that had to be done in other cases during the first
12   10 days of October, in addition to the work necessary to prepare for the upcoming depositions.
13   Hathaway Dec., ¶ 6.

**D.    *Counsel for Plaintiff was Unable to Complete Responses to Defendants' September 11, 2009 Discovery Requests Before October 11, 2009, When He Had to Fly to Boston and Washington D. C. for Expert Depositions.***

16   Plaintiff's counsel worked diligently with Mr. Gardner to complete the responses to
17   interrogatories, requests for additional documents, and requests for admissions before October
18   13, 2009, when the responses were due. The discovery requests addressed issues that are very
19   complex, in very complicated ways. Hathaway Dec., ¶ 7. The responses required extensive
20   discussions between attorney and client and, on occasion, consultation with Plaintiff's expert.

21   Mr. Hathaway worked diligently to prepare discovery responses during September and
22   the first part of October 2009, as time would allow. Hathaway Dec., ¶ 7. The responses could not
23   be completed before October 11, 2009, however. *Id.* Mr. Hathaway had to leave for his discovery
24   before the responses were finalized.

**E.    *Mr. Hathaway Informed Toyota's Attorneys During the Expert Depositions That He Had Been Unable to Complete Mr. Gardner's Discovery Responses and That He Would Complete Them Promptly After Returning to His Law Offices Following the Depositions.***

MOTION FOR ORDER PERMITTING WITHDRAWAL AND
AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 4

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

Mr. Hathaway informed Toyota's attorneys during the expert depositions that he had not had sufficient time to complete Mr. Gardner's discovery responses before having to fly to Boston for depositions. Hathaway Dec., ¶ 8. He assured counsel for Toyota that he would complete the responses promptly upon his return to his office on October 26, 2009.

### F. Mr. Hathaway Served Mr. Gardner's Discovery Responses on November 2, 2009, Which Was Only 20 Days Past Their Due Date and 78 Days Before the Deadline for Completing Discovery.

Mr. Hathaway notified Toyota's attorneys by email on October 29, 2009 that, aside from preparing a small reply brief, he had worked solely on finalizing Mr. Gardner's discovery responses since returning to his law offices on October 26, 2009. Hathaway Dec., ¶ 9, Ex. 9. The discovery responses to Toyota's Fourth Interrogatories, Third Requests for Documents and Third Requests for Admissions were served on November 2, 2009 – 20 days after their due date and 78 days before the January 19, 2010 deadline to complete discovery.

## IV. ARGUMENT

### A. The Court Has Discretion To Permit Withdrawal or Amendment of Admissions Deemed Conclusive by Rule 36(a)(3) if Doing So Would Promote Consideration of the Merits And Would Not Cause Prejudice.

Civil Rule 36(b) authorizes the Court to permit withdrawal or amendment of Admissions if doing so "[1] would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FRCP 36(b); "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." ***Conlon v. United States,*** 474 F.3d 616, 622 (9th Cir.2007).

### B. Withdrawing the Deemed Admissions Would Promote Presentation of the Merits Because Denying Withdrawal Would Substantially Prejudices Mr. Gardner's Defense to Toyota's Counterclaims.

The first requirement of Rule 36(b) is satisfied if refusing to withdraw the admissions will have the practical effect of preventing the moving party from presenting the merits of a claim or defense. ***Hadley v. United States,*** 45 F.3d 1345, 1348 (9th Cir.1995). In this case, many of the

MOTION FOR ORDER PERMITTING WITHDRAWAL AND
AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 5

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

requested admissions concerning Toyota's claim that Mr. Gardner did not disclose to the USPTO facts concerning his relationship with Dr. Malte, who submitted two expert reports to the USPTO on behalf of Mr. Gardner's position regarding the patent application. See Hathaway Dec., Ex. 1, Requests 47 — 53. The requested admissions also include a series of admissions that battery references in previous patents are to the same "fast charge/discharge" battery that is defined in the Gardner patent, which Mr. Gardner denies. See Requests 56 – 63. Requested admissions Nos. 66 – 70 describe Toyota's contentions concerning the component parts comprising the accused devises. Denying withdrawal of these admissions would force Mr. Gardner to accept Toyota's definition of the accused devices and prevent Mr. Gardner from arguing the facts concerning the accused devices that support his claims. Allowing Mr. Gardner to withdraw the deemed admissions clearly would promote presentation of the merits of Mr. Gardner's claims.

C. *Toyota Cannot Satisfy its Burden of Proving That Withdrawal Would Cause it Prejudice Because Mr. Gardner Served his Responses 78 Days Before the Discovery Deadline*

Toyota, as the party who obtained the admission, bears the burden of demonstrating to the Court that withdrawal of the admissions will prejudice Toyota in defending Mr. Gardner's lawsuit or in maintaining its counterclaims. *Conlon,* 474 F.3d at 622. Toyota cannot establish prejudice

> by reliance on a deemed admission in preparing a summary judgment motion. **Id. at 624.** Nor does "a lack of discovery, without more, constitute prejudice." **Id.** Instead, "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." **Id**. (citing ***Sonoda v. Cabrera,*** 255 F.3d 1035, 1039-40 (9th Cir.2001)). The " 'prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.' " ***Hadley,*** 45 F.3d at 1348 (quoting ***Brook Village North Associates v. Gen. Elec. Co.,*** 686 F.2d 66, 70 (1st Cir.1982)). " 'Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id*.

***Hydrotech, Inc. v. Bara Infoware, Inc.,*** 2009 WL 2460893 (E.D.Cal., August 10, 2009) (attached to Hathaway Declaration.) Where, as here, the responses to requests for admissions

MOTION FOR ORDER PERMITTING WITHDRAWAL AND
AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 6

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

1  were served 78 days before the deadline to complete discovery, Toyota has had ample time to
2  conduct discovery.

3  **D.  In Exercising its Discretion, the Court May Take Into Account Whether the Moving Party Has Shown Good Cause for the Delay in Providing Responses to the Requests for Admission.**

5  The Ninth Circuit stated that, in deciding whether to allow the withdrawal of admissions,
6  "the district court may consider other factors, including whether the moving party can show good
7  cause for the delay and whether the moving party appears to have a strong case on the merits."
8  *Conlon,* 474 F.3d at 625.  In this case, Plaintiffs' Counsel worked diligently to meet deadlines and
9  move this case forward.  The delay in completing discovery responses was caused by having to
10 complete previous discovery responses that overlapped with these, and by suddenly having to
11 examine reports from two new experts and by being required to travel out of state for 16 days to
12 take or attend expert depositions.

13                    V.  CONCLUSION

14 Plaintiff requests that the Court allow Plaintiff to withdraw the deemed admissions and
15 amend his responses to stated the responses served on Toyota's attorneys on November 2, 2009.
16 Denying the motion to allow withdrawal will substantially prejudice Plaintiff's ability to present
17 his claims and to defend Toyota's counterclaims.  Toyota is not prejudiced be the withdrawal
18 because it received Plaintiffs' Responses 78 days before the deadline to complete discovery.

19 **DATED** this 31st day of December, 2009.

20                    **JOHN W. HATHAWAY, PLLC**

22                    *[signature: John W. Hathaway]*
23 By_____
                     John W. Hathaway, WSBN 8443

24                    4600 Columbia Center
                     701 Fifth Avenue
25                   Seattle, WA 98104
                     (206)624-7100

26

                     Attorneys for Plaintiff Conrad O. Gardner

MOTION FOR ORDER PERMITTING WITHDRAWAL AND
AMENDMENT OF ADMISSIONS PURSUANT TO CIVIL RULE 36 (b) — 7

**JOHN W. HATHAWAY, PLLC**
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX