Hon. Richard A. Jones

**John W. Hathaway, PLLC**
Attorneys at Law
701 Fifth Avenue, Suite 4600
Seattle, WA 98104
206.624.7100/206.624.9292 FAX

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **Conrad O. Gardner,** Individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **Toyota Motor Corporation,** a ) <br> Japanese Corporation, and **Toyota** ) <br> **Motor Sales, U.S.A, Inc.,** a Delaware ) <br> Corporation, ) <br> ) <br> Defendants. ) <br> ) | No. C 08-0632 RAJ <br><br> **Hathaway Declaration in Support of Plaintiff's Rule 36 (b) Motion** <br><br> Note Date: January 15, 2010 |

**John W. Hathaway** hereby declares under penalty of perjury under the laws of Washington State that the following statements are true and correct.

1. I am counsel of record for Plaintiff Conrad O. Gardner and I submit this declaration in support of Mr. Gardner's Motion for Withdrawal of Admissions.

2. Defendants served their Toyota's Third Set of Requests for Admissions, Fourth Set of Interrogatories, and Third Set of Requests for Production of Documents and Things, on September 11, 2009. See Exhibit 4. These pleadings are attached as Exhibits 1, 2, and 3, respectively. At that time, I was devoting substantially all of my time to completing responses to Toyota's Toyota's Third Set of Interrogatories, Second Set of Requests for Production of Documents and Things, and Second Set of Requests for Admissions. These responses were served on September 15, 2009. See Exhibit 5. The Court held the Markman Hearing in this case on September 18, 2009. I was required to devote substantial time between September 15 and 18 to

Hathaway Declaration in Support of
Plaintiff's Civil Rule 36 (b) Motion — 1

John W. Hathaway, PLLC
Attorneys at Law
701 Fifth Avenue, Suite 4600
Seattle, WA 98104
206.624.7100/206.624.9292 FAX

1  preparing for and attending that hearing.

2       3.     Toyota's initial expert report, produced on August 26, 2009, was 133 pages in length and cited 81 technical exhibits, augmented on September 8, 2009 by a 25 page Supplemental Report, supported by exhibits 82 and 83. Examination of Toyota's reports, and research related to that examination, was very time consuming due to the sheer size of the reports, as well as the technical nature and complexity of these reports and the extensive number of accompanying exhibits. I was required to devote virtually all of my time following the September 18, 2009 Markman Hearing to examination, investigation and research relating to Toyota's expert reports because the deadline for serving rebuttal expert reports was September 25, 2009. Counsel for both parties agreed to extend the date for producing rebuttal reports to September 28, 2009, then to September 30, 2009. See Exhibits 6 and 7.

     4.     Toyota served reports by two new experts at the end of September 2009 – Dr. Edward Caulfield and Dr. Benjamin Goldberg – in addition to the August 2009 reports of engineering expert John Mokswa and of patent procedure expert Nicholas Godici. Dr. Caulfield's report consisted of 27 pages, accompanied by 26 exhibits. Dr. Goldberg's report was 53 pages in length and relied on 14 exhibits. I was required to devote substantial time in early October 2009 to examining these reports and exhibits to prepare to depose Toyota's experts, which now numbered four.

     5.     The attorneys first discussed setting dates for expert deposition in late September 2009. Toyota's disclosure of two rebuttal experts on September 30, 2009 meant that I had to schedule, and prepare to take, four expert depositions during October 2009. Toyota's attorneys also insisted upon taking two additional one-day depositions of Plaintiff's expert, Luka Serdar, because he had issued two reports, in addition to his claim construction report. Counsel for the parties finally agreed on October 5, 2009 that Plaintiff's expert would be deposed in Boston on October 14 and 15, 2009 and that Toyota's four experts would be deposed in Washington D. C. on October 20 through 23, 2009. See Exhibit 8. To set aside time to meet with Mr. Serdar before his deposition

HATHAWAY DECLARATION IN SUPPORT OF
PLAINTIFF'S CIVIL RULE 36 (b) MOTION — 2

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

1  and to prepare for the depositions of Defendants' four experts, I had to fly to Boston on October 11,
2  2009, then directly Washington D. C., returning to Seattle on Saturday, October 24, 2009.
3  Altogether, the travel required by the expert depositions had me out of my office from Friday,
4  October 10, to Monday, October 26, 2009.

5        6.    I had not anticipated that Toyota would retain four experts or that expert depositions
6  in this lawsuit would necessitate him being away from his office for 16 days during October. I had
7  to devote substantial time in early October 2009 to the examination of the expert reports that had
8  just been served on him, to research relating to those reports, and to consultations with Mr.
9  Gardner and technical expert Luka Serdar concerning the substance of those reports. I also had
10 to rearrange deadlines and court appearances in other matters that otherwise would have to
11 transpired during the 16 days that I would be out of State. I also had to complete briefing and other
12 work during the first 10 days of October that otherwise would have been completed later in
13 October.

14       7.    I worked diligently with Mr. Gardner to complete the responses to interrogatories,
15 requests for additional documents, and requests for admissions before October 13, 2009, when the
16 responses were due. The discovery requests addressed issues that are very complex, in very
17 complicated ways. See Exhibits 1 and 2. The responses required extensive discussions between
18 attorney and client and, on occasion, consultation with Plaintiff's expert. I worked diligently to
19 prepare discovery responses during September and the first part of October 2009, as time would
20 allow. The responses could not be completed before October 11, 2009, however. I had to leave for
21 Boston before the responses were finalized.

22       8.    I informed Toyota's attorneys during the expert depositions that I had not had
23 sufficient time to complete Mr. Gardner's discovery responses before having to fly to Boston for
24 depositions. I assured counsel for Toyota that he would complete the responses promptly upon my
25 return to my office on October 26, 2009.

26       9.    I notified Toyota's attorneys by email on October 29, 2009 that, aside from

HATHAWAY DECLARATION IN SUPPORT OF
PLAINTIFF'S CIVIL RULE 36 (b) MOTION — 3

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX

1   preparing a small reply brief, I had worked solely on finalizing Mr. Gardner's discovery responses
2   since returning to his law offices on October 26, 2009. See Exhibit 9. The discovery responses to
3   Toyota's Fourth Interrogatories, Third Requests for Documents and Third Requests for
4   Admissions were served on November 2, 2009 – 20 days after their due date and 78 days before the
5   January 19, 2010 deadline to complete discovery.

6   **DATED** this 31st day of December, 2009, at Seattle, Washington.

*[signature: John W. Hathaway]*

John W. Hathaway, WSBN 8443

4600 Columbia Center
701 Fifth Avenue
Seattle, WA 98104
(206)624-7100

Attorney for Plaintiff Conrad O. Gardner

HATHAWAY DECLARATION IN SUPPORT OF
PLAINTIFF'S CIVIL RULE 36 (b) MOTION — 4

JOHN W. HATHAWAY, PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WA 98104
206.624.7100/206.624.9292 FAX