The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONRAD O. GARDNER, Individually<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION and TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>Defendants. | No. C 08-0632 RAJ<br><br>**ORDER** |

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for sanctions (Dkt. # 91) and the Plaintiff's motion for leave to withdraw admissions (Dkt. # 133). The court has considered the parties' briefing and supporting evidence, and, for the reasons explained below, GRANTS both motions (Dkt. ## 91, 133).

## II. BACKGROUND & ANALYSIS

Plaintiff Conrad Gardner filed this lawsuit in April 2008, contending that Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively referred to as

ORDER — 1

"Toyota") infringed his U.S. Patent 7,290,627 ("the '627 patent"). Since that time, Mr. Gardner has missed numerous deadlines in this case, most recently his deadline to respond to Toyota's Third Set of Requests for Admissions. *See* Defs.' Mot. (Dkt. # 91) at 2-3 (table of fifteen missed deadlines between Dec. 24, 2008, and Jun. 8, 2009); Pltf.'s Mot. (Dkt. # 133) (explaining the most recent missed Oct. 13, 2009 deadline). Toyota's Third Set of Requests for Admission was served on September 11, 2009, and Mr. Gardner's response was due within thirty days under Fed. R. Civ. P. 36(a)(3).

On October 21, Toyota notified Mr. Gardner that because he had not responded to the Requests for Admission, they were deemed admitted under Fed. R. Civ. P. 36. On November 2, Mr. Gardner nonetheless submitted responses to the Requests for Admission. Later that same day, Toyota contacted Mr. Gardner to reiterate that the Requests for Admissions were deemed admitted by operation of Rule 36(a)(3), which would make the November 2 responses superfluous. Mr. Gardner responded on November 3 that he would seek leave of court to withdraw and amend the deemed admissions. Mr. Gardner did not do so until December 31, after the December 20 deadline to submit discovery requests.

Toyota has requested that the court impose sanctions for these missed deadlines, either in the form of dismissal of the lawsuit or compensation for the expenses incurred by Toyota as a result of Mr. Gardner's tardiness. Mr. Gardner argues that the imposition of sanctions (specifically dismissal) would be inappropriate because his neglect was excusable and Toyota was not prejudiced by his minimal delay, and requests leave to replace the deemed admissions with his late-served responses.

**A. The Court Will Not Dismiss This Case, but Will Order Mr. Gardner to Reimburse Defendants for All Costs and Expenses Incurred as a Result of His Failure to Meet the Deadlines Imposed by this Court and the Civil Rules.**

Toyota requests that the case be dismissed as a sanction for Mr. Gardner's repeated tardiness. A court may dismiss a case as a sanction for the plaintiff's failure to prosecute or a plaintiff's noncompliance with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). The court considers five factors when deciding whether dismissal under

ORDER — 2

this rule is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions." *Malone v. U.S.P.S.*, 833 F.2d 128, 130 (9th Cir. 1987). The imposition of monetary sanctions is also an option under Fed. R. Civ. P. 16. Fed. R. Civ. P. 16(f)(1)(c) authorizes a court to impose sanctions if a party or its attorney fails to obey a scheduling or other pretrial order. Furthermore, Fed. R. Civ. P. 16(f)(2) requires that the court must order a party or attorney who fails to comply with Fed. R. Civ. P. 16 to pay the opposing party's reasonable expenses (including attorney fees) incurred as a result of the noncompliance, unless the noncompliance was substantially justified or an award would be unjust under the circumstances.

Here, the first and second factors weigh in favor of dismissal, because this litigation has been delayed due to Mr. Gardner's missed deadlines, and the court has been forced to expend resources managing those delays instead of attending to the merits of the case. But the fourth and fifth factors weigh against dismissal, because of the strong public policy favoring the resolution on the merits of a case (and because it cannot be said at this point that Mr. Gardner's claims lack all merit) and because less-drastic monetary sanctions could compensate the Defendants for the resources expended as a result of Mr. Gardner's delays.

The third *Malone* factor — prejudice to Toyota — is a closer call. In order to establish prejudice, a defendant must show that the plaintiff's actions impair either the defendant's ability to proceed to trial or the court's ability to resolve the case. *See Malone*, 833 F.2d at 131. Toyota contends that it has been prejudiced because Mr. Gardner obtained the unfair advantage as a result of his delayed claim construction response brief, and because of the costs and expenses incurred as a result of Mr. Gardner's unreasonable delays. The court agrees that Mr. Gardner obtained an unfair advantage with regard to the claim construction briefing, and the court mitigated that advantage by allowing the Defendants to file a reply. *See* Order (Dkt. # 107).

ORDER — 3

Though unreasonable delays can lead to prejudice sufficient to support a dismissal, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding that "unnecessary delay inherently increases the risk that witnesses' memories will face and evidence will become stale"), the court cannot find that Toyota has suffered this type of irreversible prejudice. The damage incurred as a result of Mr. Gardner's tardiness has been mostly monetary,[1] not irrevocable damage to the parties' overall ability to proceed to trial or resolve the case.

But even though the court concludes, after a review of the *Malone* factors, that dismissal is not an appropriate sanction, the court finds that the imposition of monetary sanctions would be appropriate. Mr. Gardner did not address the propriety of monetary sanctions in his Opposition, and does not dispute that Toyota incurred additional fees and expenses as a result of his delays.[2] Though he offers some excuses for the missed deadlines, none of the offered reasons actually justify the tardiness. While it may be true that Mr. Gardner's counsel has a very busy solo practice and that preparing materials required more time than he allotted, those reasons do not constitute excusable neglect. *See*, *e.g.*, *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("a busy practice does not constitute 'excusable neglect'"); *Davis v. Johnson*, 2007 WL 1834846 *2 (E.D. Cal. June 26, 2007) ("A solo practitioner's 'busy practice' and preparation of other cases does not establish excusable neglect[.]"). As another court explains:

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.

---

[1] The Defendants, at the court's request, submitted an estimate of the expenses incurred as a result of Mr. Gardner's failure to meet case deadlines. *See* Response (Dkt. # 142) (estimating a total of more than $60,000 expended, not including "significant" fees related to briefing the motion for sanctions).

[2] Though he does appear to dispute the *amount* of Toyota's expenses incurred (*see* Pltf.'s Request (Dkt. # 143)), Mr. Gardner has not argued that monetary sanctions in general would be inappropriate under these circumstances. *See* Pltf.'s Opp'n (Dkt. # 104).

ORDER — 4

*Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam).  All of the cases cited by Mr. Gardner involve isolated incidents of tardiness, and are therefore factually distinguishable from the pattern of missed deadlines evident in this case.  *See* Pltf.'s Opp'n (Dkt. # 104) at 3-4 (citing *Redmond v. O'Sullivan Rubber Co.*, 10 F.R.D. 519 (W.D. Va. 1943) (one four-day delay found excusable); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48 (E.D. N.Y. 2008) (one one-month delay found excusable); *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532 (E.D. Pa. 1993) (one one-day delay found excusable); *Hunt v. Green*, 376 F.Supp.2d 1040 (D. N.M. 2004) (granting plaintiff's motion for extension of response deadline, which was filed before the response deadline passed)).

Thus, as a consequence for Mr. Gardner's repeated missed deadlines, the court will require Mr. Gardner to reimburse Toyota for reasonable costs and expenses that were incurred as a result of Mr. Gardner's failure to meet case deadlines.  The court will consider dismissal if Mr. Gardner continues to miss deadlines.

**B. The Court Will Permit Mr. Gardner to Amend his Admissions, but Will Also Allow Toyota to Conduct Additional Discovery.**

With regard to Mr. Gardner's most recent missed deadline, which is the subject of a separate motion (Dkt. # 131), Mr. Gardner again attempts to excuse his tardiness on the grounds that his counsel was overly busy and could not find the time necessary to respond by the deadline because of other responsibilities related to this case.  But the court reiterates that these excuses do not justify Mr. Gardner's repeated disregard for case deadlines.  Mr. Gardner also contends that he reasonably believed that Toyota would accept late discovery responses (Pltf.'s Reply (Dkt. # 139) at 6)), but this belief was unreasonable in light of Toyota's repeated notifications regarding the missed deadline and the explicit statement regarding the application of Fed. R. Civ. P. 36 to admissions not timely responded or objected to.  *See* Jamnback Decl. (Dkt. # 137), Ex. 3.

Toyota has suggested that dismissal would be an appropriate sanction for this most recent violation, in light of Mr. Gardner's long history of missed deadlines.  In the

ORDER — 5

alternative, Toyota requests that the court simply deny Mr. Gardner's motion under Fed. R. Civ. P. 36(b), which permits withdrawal and amendment of admissions only if "(1) it would promote the presentation of the merits of the actions and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending presentation of merits." If no consideration of the merits would be necessary by virtue of the deemed admissions, then the first half of Rule 36(b) is satisfied. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). The second half of Rule 36(b) requires consideration of the difficulty the party relying on the deemed admission would face in proving its case if the deemed admission was withdrawn. Such difficulties include the unavailability of key witnesses and the sudden need to obtain evidence. *Id.* (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

Toyota argues that amendment of the admissions would not promote presentation of the merits because at least some of the new admissions responses contradict Mr. Gardner's and his expert's testimony, and the text of the '627 patent itself. Mr. Gardner contends that his proposed amended admissions serve a clarifying purpose and eliminate ambiguity, and also allow him to defend against Toyota's counterclaims. The court agrees that permitting the deemed admissions to stand would eliminate the need for a presentation of the merits as to Toyota's counterclaims, though the court is nonetheless mindful of the complications injected into the proceeding by contradictory responses.

Turning to the prejudice inquiry, Toyota primarily relies on discovery-related concerns. The timing of Mr. Gardner's motion to withdraw is troubling, because it was not filed until after Toyota had deposed Mr. Gardner's technical expert and after the cutoff to file discovery requests, even though Mr. Gardner's counsel had indicated an intent to file the motion much earlier. But the *Conlon* court was "reluctant to conclude that a lack of discovery, without more, constitutes prejudice," because the court may reopen discovery. 474 F.3d at 624. The proper prejudice inquiry under Rule 36(b) focuses on the difficulty a party faces in proving its case *at trial*. *See id.*

ORDER — 6

Thus, in order to minimize the prejudice to Toyota both as to the timing of the amendment and the alleged contradictions contained therein, the court will permit Mr. Gardner to withdraw and amend his admissions, but will also allow Toyota to conduct additional discovery[3] necessitated by the amendments, and will require Mr. Gardner to reimburse Toyota for the expenses associated with that additional discovery.

### III.  CONCLUSION

For the reasons explained above, the court GRANTS Defendants' motion (Dkt. # 91) and GRANTS Plaintiff's motion (Dkt. # 133).  Defendants may file a petition for all expenses incurred (including all expenses incurred in briefing the motion for sanctions and the opposition to Plaintiff's motion to withdraw admissions) for the Court's consideration no later than March 26, 2010.  Plaintiff may provide a response to Defendants' petition no later than April 9, 2010.  A new case schedule shall be entered.

DATED this 9th day of February, 2010.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[3] The court will reopen the discovery period for this purpose and set a new discovery cutoff date as 45 days after the entry of this order, as will be detailed in the forthcoming new case schedule.

ORDER — 7