HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONRAD O. GARDNER,

      Plaintiff,

    v.

TOYOTA MOTOR CORPORATION, et al.,

      Defendants.

CASE NO. C08-632RAJ

ORDER

## I.      INTRODUCTION

This matter comes before the court on the Defendants' motion for summary judgment (Dkt. # 159).  The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument.  For the reasons explained below, the court GRANTS the Defendants' motion (Dkt. # 159).

## II.      BACKGROUND

Plaintiff Conrad Gardner filed this action alleging that certain vehicles manufactured and sold by Defendants Toyota Motor Corp. and Toyota Motor Sales

ORDER – 1

U.S.A., Inc. (collectively "Toyota") infringed claims 1, 4, and 5[1] of United States Patent 7,290,627 ("the '627 patent"). The '627 Patent covers hybrid vehicle technology for automobiles. Specifically, the patent relates to the use of an internal combustion engine and a separate electric motor for powering a hybrid vehicle.

The '627 patent issued on November 6, 2007, to Mr. Gardner from application No. 08/896,514, filed on June 23, 1997. The disputed claim terms of the '627 patent were previously construed by this court. *See* Order (Dkt. # 148). Toyota now argues that the accused vehicles do not infringe claims 1, 4, or 5 of the '627 patent because they do not satisfy at least one claim limitation, and asks the court to grant summary judgment against Mr. Gardner's infringement claim.

### III.   ANALYSIS

#### A.   Legal Standards.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment against a claim is appropriate if there is "a complete failure of proof concerning an essential element of the nonmoving party's case," because that "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

In a patent-infringement case, the plaintiff bears the burden of establishing that the accused product or process satisfies each and every limitation of the asserted patent

---

[1] Mr. Gardner also alleged that Toyota's vehicles infringe claim 6 of the '627 patent, but the court previously found claim 6 invalid for failing to comply with the definiteness requirement of 35 U.S.C. § 112, ¶ 2. *See* Order (Dkt. # 131).

ORDER – 2

claims, as construed by the court.  *See Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990).  If an accused item does not satisfy even a single limitation, there cannot be infringement as a matter of law.  *See Digital Biometrics v. Indentix, Inc.*, 149 F.3d 1335, 1349 (Fed. Cir. 1998) (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 934-35 (Fed. Cir. 1987) (*en banc*)).

**B.   Defendants are Entitled to Summary Judgment Based on Non-Infringement Against Plaintiff's Claim.[2]**

**1.  The Accused Prius, Camry and Two-Wheel-Drive Highlander Do Not Infringe the '627 Patent.**

In a previous order, the court construed two limitations of the '627 Patent ("motor-generated driving force transfer means" and "engine-generated driving force transfer means") to mean that an engine drives one set of wheels and an electric motor drives a different set of wheels.  *See* Order (Dkt. # 148) at 10-11.

In its motion, Toyota argued that three of the accused vehicles — the Prius, the Camry, and the two-wheel-drive Highlander — do not meet this limitation "because, in those vehicles, the engine and the electric motor [] drive the *same* set of wheels, namely the front wheels."  Defs.' Mot. at 15-16.  To support this argument, Toyota cited an admission of Mr. Gardner himself: "Plaintiff admits that the [Internal Combustion Engine] and electric motor in the Prius and 2 wheel drive Camry both drive the same pair of wheels."  Jeschke Decl. (Dkt. # 160), Ex. 23 at 5 (Mr. Gardner's responses to Toyota's Request for Admission No. 32).  This admission is also supported by deposition testimony of Mr. Gardner's technical expert:

> Q: Okay. You would agree that the Prius and the Camry would not meet a requirement that the motor drive one set of wheels and the engine drive a second set of wheels?
> A.  That's correct.

---

[2] Because the court finds that the accused vehicles do not infringe the '627 patent, the court will not address Toyota's alternative bases for summary judgment.

ORDER – 3

Q:  And you would also agree that at least the two-wheel drive Highlander would also not meet that requirement?
A.  Yes.

Jeschke Decl., Ex. 10 at 283:15-23.

Mr. Gardner did not address this argument in his Opposition.  At oral argument, his counsel conceded that the accused Prius, Camry and two-wheel-drive Highlander do not infringe claim 1 of the '627 patent because they do not satisfy the "motor-generated driving force transfer means" and "engine-generated driving force transfer means" claim limitations as construed by this court.  Thus, based on that concession, the only issue remaining before the court as to Toyota's motion is whether the four-wheel-drive Highlander infringes claim 1 of the '627 patent.[3]

### 2.    The Four-Wheel-Drive Highlander Does Not Infringe the '627 Patent.

In Toyota's motion, it argues that the four-wheel-drive Highlander does not infringe claim 1 of the '627 patent because the separate electric motor that drives the rear wheels is not connected to the wheels through a clutch, nor does it constitute a "direct drive," as required by the court's construction of the "motor-generated driving force transfer means" limitation.  *See* Order (Dkt. # 148) (construing "motor-generated driving force transfer means for transferring the driving force generated by the motor to the wheels" to require "(1) the combination of a drive shaft, clutch, transmission, and axle, or (2) the combination of an electric motor direct drive and axle").

Toyota submitted evidence regarding the definition of the term "direct drive," ranging from the '627 patent's description[4] of the "direct drive" to entries in the

---

[3] Mr. Gardner's counsel also conceded at oral argument that if the accused vehicles do not infringe claim 1 of the '627 patent, they cannot infringe claims 4 or 5, which are dependent on claim 1.  Claims 1, 4, and 5 are the only remaining claims upon which Mr. Gardner's infringement claims are based.

[4] The '627 patent refers to a "one to one ratio direct drive transmission for electric motor" (see Jeschke Decl. (Dkt. # 160), Ex. 26 at 3:25-26), which is apparently the embodiment shown in

ORDER – 4

McGraw-Hill Dictionary of Scientific and Technical Terms[5] and the Dictionary of Automotive Engineering.[6]  Based on this evidence, Toyota argues that a "direct drive" requires that the transmission has no intervening gear reductions, and that because the four-wheel-drive Highlander has a motor connected to the rear axle via an intervening, three-shaft, counter-type gear train — which does not drive the rear axle at a 1:1 speed ratio — the four-wheel-drive Highlander does not satisfy the "motor-generated driving force transfer means" limitation of claim 1.

Mr. Gardner's Opposition brief did not address this argument, as his counsel conceded at oral argument.  Counsel nonetheless attempted to argue that there are factual disputes about the meaning of "direct drive," such that the four-wheel-drive Highlander does have a "direct drive" under some definitions of that term.  Counsel's arguments are unavailing, because they amount to too little, too late.  Mr. Gardner's failure to produce rebuttal evidence cannot be ameliorated via the argument of counsel.  It is well-established that oral argument is not evidence, and cannot create a factual dispute sufficient to withstand summary judgment.  *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); *Barcamerica Intern. USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002).

Because the only evidence on this issue, as submitted by Toyota, shows that the four-wheel-drive Highlander does not satisfy the "motor-generated driving force transfer means" limitation of claim 1 in the '627 patent, the court finds that Toyota is entitled to summary judgment as to the non-infringement of this vehicle.

---

Figure 3 (see Jeschke Decl., Ex. 21 at 141:21-25 (expert identifying Figure 3 as an illustration of a direct drive transmission)).

[5] "Direct drive" defined as "A drive in which the driving part is directly connected to the driven part."  Jeschke Decl., Ex. 18.

[6] "Direct drive" defined as "Transmission drive mode in which engine and transmission shafts rotate at same speed, by-passing the reduction stages of the gearbox.  This term is more common in marine than in automobile engineering."  Jeschke Decl., Ex. 25.

ORDER – 5

1

## IV.    CONCLUSION

2      For the foregoing reasons, the court GRANTS Defendants' motion (Dkt. # 159).

3      DATED this 10th day of September, 2010.

4

5

6      _____
       The Honorable Richard A. Jones
7      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     ORDER – 6