HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONRAD O. GARDNER,

    Plaintiff,

v.

TOYOTA MOTOR CORPORATION, et al.,

    Defendants.

CASE NO. C08-632RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the Plaintiff's motions for partial summary judgment (Dkt. ## 150, 151). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons explained below, the court DENIES the Plaintiff's motions (Dkt. ## 150, 151).

## II. BACKGROUND

Plaintiff Conrad Gardner filed this action alleging that certain vehicles manufactured and sold by Toyota Motor Corp. and Toyota Motor Sales U.S.A., Inc.

ORDER – 1

(collectively "Toyota") infringed claims 1, 4, and 5[1] of United States Patent 7,290,627 ("the '627 patent"). The '627 Patent covers hybrid vehicle technology for automobiles. Specifically, the patent relates to the use of an internal combustion engine and a separate electric motor for powering a hybrid vehicle.

In its Answer, Toyota raised an invalidity defense and also asserted a counterclaim alleging that the '627 patent was unenforceable due to Mr. Gardner's inequitable conduct related to an affiant. *See* Defs.' Am. Answer (Dkt. # 63) ¶¶ 5-6, 18-21, 43-55. Mr. Gardner now moves for summary judgment against that inequitable conduct counterclaim and for partial summary judgment related to Toyota's invalidity argument.

### III.   ANALYSIS

**A.   Legal Standards.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment against a claim is appropriate if there is "a complete failure of proof concerning an essential element of the nonmoving party's case," because that "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

---

[1] Mr. Gardner also alleged that Toyota's vehicles infringe claim 6 of the '627 patent, but the court previously found claim 6 to be invalid for failing to comply with the definiteness requirement of 35 U.S.C. § 112, ¶ 2. *See* Order (Dkt. # 131).

ORDER – 2

### B. Plaintiff is Not Entitled to Judgment as a Matter of Law Regarding Non-Invalidity of the '627 Patent Based on Prior Art.

Mr. Gardner contends that Toyota should be judicially estopped from arguing that the '627 patent is invalid based on prior art because, when it obtained United States Patent No. 5, 495,906 ("the '906 patent"), its patent application did not disclose any U.S. prior art. This argument attempts to characterize Toyota's position during the prosecution of the '906 patent as inconsistent with one of its positions in this lawsuit, namely that the '627 patent is invalid in light of prior art.

Courts consider several factors when deciding whether to invoke judicial estoppel, including (1) whether the party's later position is "clearly inconsistent" with its earlier position, (2) whether the party successfully persuaded an earlier court to accept the earlier position, (3) whether the party would derive an unfair advantage from taking an inconsistent position if not estopped. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

Mr. Gardner's estoppel argument is based on several misunderstandings, but one is particularly fatal to his motion. Patent applicants have a duty to disclose material information known to the applicant, but are not required to search for other prior art. *See* 37 C.F.R. § 1.56(a) (imposing on patent applicants "a duty to disclose to [the U.S. Patent & Trademark Office] all information known to that individual to be material to patentability"); *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*, 394 F.3d 1348, 1350 n.4 (Fed. Cir. 2005) ("Because there is no general duty to conduct a prior art search, there is no duty to disclose art of which an applicant is unaware."). Mr. Gardner has submitted no evidence showing that any individual associated with the prosecution of the '906 patent actually knew about any specific prior art references when they argued for patentability. Thus, Mr. Gardner has not shown that Toyota's prior and present positions are actually inconsistent: even assuming that the '906 patent and the '627 patent have the

ORDER – 3

same scope (an assumption disputed by Toyota), it would not be inconsistent for Toyota to assert patentability of the '906 patent and fail to disclose prior art of which it is not aware, and then later argue that the '627 patent is invalid in light of prior art of which it *is* aware.

Mr. Gardner's position also rests on a mischaracterization of Toyota's position during prosecution of the '906 patent — he contends that "Toyota obtained approval of the ['906 patent] by taking the position that no prior art existed for purposes of anticipation or obviousness determinations." Pltf.'s Reply (Dkt. # 171) at 4-5.  But a patent application does not necessarily imply the applicant's position that no prior art exists, it only implies that the applicant is not aware of prior art that anticipates the application or renders it obvious.  Having failed to show that Toyota was aware of prior art at the time of the prosecution of the '906 patent that it now intends to argue invalidates the '627 patent, Mr. Gardner has failed to show that Toyota's current position is clearly inconsistent with its previous position.  Therefore, the court will not invoke judicial estoppel with regard to Toyota's argument regarding invalidity of the '627 patent based on prior art.

### C.    Factual Disputes Prevent Summary Judgment as to Defendant's Inequitable Conduct Counterclaim.

Mr. Gardner requests summary judgment against Toyota's fourth counterclaim, which asserts that the '627 patent is unenforceable because Mr. Gardner engaged in inequitable conduct during patent prosecution by failing to disclose a significant relationship with Dr. Philip Malte, who submitted two affidavits included in the patent application.  Though Mr. Gardner's briefing also referenced standards related to a motion to dismiss, at oral argument he clarified that he intended his motion to request relief in the form of summary judgment.

ORDER – 4

In the context of patent prosecutions, "inequitable conduct" includes "affirmative misrepresentation of material fact, failure to disclose material information, or submission of false information, coupled with an intent to deceive." *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). Information is material if "'a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent.'" *eSpeed, Inc. v. BrokerTec USA, LLC*, 480 F.3d 1129, 1136 (Fed. Cir. 2007) (quoting *A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392, 1397 (Fed. Cir. 1986)). An undisclosed business relationship between a patent applicant and a declarant is material if "(1) the declarant's views on the underlying issue are material and (2) the past relationship is a significant one." *Ferring B.V. v. Barr Labs, Inc.*, 437 F.3d 1181, 1188 (Fed. Cir. 2006).

Though the parties agree that materiality is a fact question, Mr. Gardner nonetheless requests summary judgment on the grounds that there are no factual disputes here. According to Mr. Gardner, the only reasonable inference that can be drawn from the evidence about Mr. Gardner's relationship with Mr. Malte is that the relationship is insignificant and therefore immaterial. Furthermore, because the patent examiner found Dr. Malte's declarations to be unpersuasive, Mr. Gardner argues that any relationship between Dr. Malte and Mr. Gardner would be rendered immaterial.

The court disagrees with Mr. Gardner's characterization of the evidence. A reasonable fact-finder could infer from the undisputed evidence that Mr. Gardner had a significant relationship with Dr. Malte based on the fact that (1) in the late 1980s, Dr. Malte prepared an expert report and testified in a patent-infringement lawsuit filed by Mr. Gardner; (2) Dr. Malte's 1997 proposed to conduct a 30-month, four-phase study of Mr. Gardner's invention (the first phase of which would result in payment of approximately $50,000-$75,000 directly to Dr. Malte, among others); (3) multiple conversations between Dr. Malte and Mr. Gardner between 1997 and 2000 to discuss Mr. Gardner's

ORDER – 5

hybrid vehicle designs, and (4) Dr. Malte's payment for preparing the two affidavits submitted in the prosecution of the '627 patent. *See* Jeschke Decl. (Dkt. # 169), Exs. 1-13.

Toyota has also submitted a statement from a former patent examiner, stating that a disclosure of Mr. Gardner's relationship with Dr. Malte would have been material information to aid the patent examiner in weighing the value and credibility of Dr. Malte's affidavits. *See* Jeschke Decl. (Dkt. # 169), Ex. 14. That the patent examiner found Dr. Malte's affidavits to be unpersuasive is not relevant to whether the undisclosed relationship would have been material: so long as a reasonable patent examiner would have "considered the information important," regardless of whether "the information would conclusively decide the issue of patentability," the information is material. *Li Second Family Ltd. P'ship v. Toshiba Corp.*, 231 F.3d 1373, 1380-81 (Fed. Cir. 2000) (quoting *A.B. Dick*, 798 F.2d at 1397).

Though Mr. Gardner attempts to minimize the significance of the contact between Dr. Malte and himself over the years, the court nonetheless concludes that there is a genuine factual dispute because the evidence permits more than one reasonable interpretation as to whether Mr. Gardner had a significant relationship with Dr. Malte.

This factual dispute is also relevant to the other element of inequitable conduct here: intent to deceive. If the fact-finder concluded that Dr. Malte's relationship with Mr. Gardner was material, that finding could infer that Mr. Gardner did not disclose the relationship in order to prevent exposing Dr. Malte's bias. This inference is reasonable because it is based on one reasonable interpretation of the evidence of the relationship: "A reasonable inference [of deceptive intent] is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 n. 5 (Fed. Cir. 2009).

ORDER – 6

Assuming that Mr. Gardner would argue that he did not disclose his relationship with Dr. Malte because he did not believe it was significant, the court has already found that this position is not the *only* reasonable interpretation of the evidence related to the relationship. Because the relationship could be interpreted to be significant, the fact-finder could infer that Mr. Gardner did not disclose the relationship to avoid an appearance of bias. And of course the opposite is also true: if the relationship is interpreted to be immaterial, then it could be reasonable to infer that Mr. Gardner did not disclose the relationship because of that fact. Thus, because the factual disputes related to the materiality element also lead to factual disputes related to inferred intent, summary judgment on this counterclaim would be inappropriate.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motions (Dkt. ## 150, 151).

DATED this 20th day of September, 2010.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7